IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS M. NICHOLS,
No. N-61355,
      Petitioner,

vs.                                                                                          Case No. 16–cv–01101-DRH

IDOC DIRECTOR, and
KIMBERLY BUTLER

      Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### Introduction

Petitioner Demetirus M. Nichols, an inmate in the custody of the Illinois Department of Corrections and currently housed at Menard Correctional Center, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner is challenging a March 2011 conviction for aggravated battery on a correctional officer.

This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the

---

[1] A person convicted in state court is generally limited to filing only one petition for writ of habeas corpus in federal court. Petitioner has two prior § 2254 petitions. *See Nichols v. Hulick*, No. 07–cv–03498, 2008 WL 681029 (N.D.Ill. 2008) (Anderson, J.); *Nichols v. State*, No. 15-cv-00633, 2015 WL 4092057 (S.D. Ill. 2015) (Herndon, J.). Both prior petitions pertained to a different conviction than the conviction at issue in the instant action. Accordingly, this is not a "successive" petition as contemplated by § 2244.

district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." District courts are permitted to consider, *sua sponte*, the timeliness of a prisoner's motion to vacate. *See Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006).

The state will not be required to answer the Petition at this time because, as is explained more fully below, the Petition appears to be untimely. However, before dismissing the Petition on that ground, the Court will allow Petitioner the opportunity to respond to this Order and to show cause why the Petition should not be dismissed. *See Id.* at 210.

## Filing Fee

On October 17, 2016, Petitioner's motion for leave to proceed in forma pauperis ("IFP") was denied. (Doc. 4). Petitioner was ordered to pay the $5.00 filing fee no later than November 16, 2016. To date, the fee has not been paid. The Court will allow an extension with regard to payment of the $5.00 filing fee. Petitioner must pay the filing fee on or before **February 2, 2017**. Petitioner is warned that failure to pay the fee shall result in dismissal of this action for failure to prosecute.

## Applicable Legal Standards

28 U.S.C. § 2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition. 28 U.S.C. § 2244(d)(2). The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562, citing *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S.Ct. at 2564.

## Discussion

**Background**

In October 2010, the Livingston County grand jury indicted Petitioner, who was already incarcerated, with one count of aggravated battery. *See People v. Nichols*, 979 N.E.2d 1002, 1004 (Ill. App. 4th Dist. 2012). The indictment charged that defendant made contact of an insulting or provoking nature with a Department of Corrections employee, striking him upon his head and body, knowing him to be a state-employed corrections officer engaged in the performance of his authorized duties. *Id.* *See also* 720 ILCS 5/12–3(a)(2), 12–4(b)(18). In March 2011, a jury found Petitioner guilty as charged in the indictment. *Id.* In June 2011, the trial court sentenced Petitioner to seven years in prison, to be served consecutively to sentences Petitioner was already serving. *Id.* On November 27, 2012, the Fourth District Appellate Court of Illinois affirmed Petitioner's conviction and sentence. *Id.* On March 27, 2013, the Illinois Supreme Court denied Petitioner's petition for leave to appeal. *People v. Nichols*, 985 N.E.2d 309 (Ill. 2013). Because Petitioner did not petition the Supreme Court for *certiorari*, his conviction became final on June 25, 2013.[2] Pursuant to § 2244(d)(1)(A), the statute of limitations to file a habeas petition in federal court expired a year later on June 25, 2014. Petitioner did not file his § 2254 petition until September 29, 2016. Accordingly, unless one of the other predicates listed in Section 2244(d)(1) provided a later date for the conviction becoming final or

---

[2] Petitioner had ninety days from the denial of the PLA to file a petition for certiorari. S. Ct. R. 13(1).

Petitioner is entitled to statutory or equitable tolling, the Petition is untimely and subject to dismissal.

**Other Section 2244(d)(1) Predicates**

Petitioner does not assert that the predicates listed in § 2244(d)(1)(C) or (D) are present in this case. However, Petitioner appears to argue that the Court should apply 28 U.S.C. § 2244(d)(1)(B) because State action impeded his ability to file a timely habeas corpus petition. Specifically, Petitioner states he was injured while incarcerated and denied medical assistance from February 20, 2009 through September 12, 2012. (Doc. 1, p. 7). Additionally, Petitioner states he was denied medical treatment from February 26, 2015 through August 6, 2015. "Although neither § 2244 nor this circuit has defined what constitutes an 'impediment' for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original).

Here, the alleged impediments did not prevent Petitioner from filing his petition because they did not occur during the relevant time period (between June 25, 2013 and June 25, 2014). The first alleged impediment was removed in September 2012 – before Petitioner's conviction became final. The second alleged impediment occurred in 2015 - after the time for filing his federal habeas petition expired. At present, Petitioner merely alleges that there were occasional state-

created impediments during the time Petitioner has been in custody. This is not sufficient to render the § 2254 Petition timely.

**Statutory Tolling under Section 2244(d)(2)**

Under section 2244(d)(2), the one-year statute of limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Here, Petitioner filed a post-conviction petition or motion with the trial court in July 2014.[3] Petitioner filed additional post-conviction petitions in May and June 2016.[4] Petitioner did not file any appeals in relation to the striking or dismissal of his post-conviction pleadings. (Doc. 1, pp. 8-16).[5]

---

[3] On July 21, 2014, Petitioner filed a pleading with the state trial court. (Doc. 1, pp. 28-29). On August 11, 2014, the trial court entered an order stating as follows:

> [The trial court] cannot decipher the nature of the motion or petition, whatever it may be – Court finds that the motion is meritless. The court finds that the filing is simply a rambling of the Deft with no basis having exercised his rights to appeal previously. Therefore, the Court strikes Defts 7/21/14 filing.

(Doc. 1, p. 29).

[4] Petitioner filed a post-conviction petition to vacate judgment and sentencing with the trial court on May 27, 2016 and a substantially similar petition on June 20, 2016. (Doc. 1, p. 20). The trial court addressed both petitions in an order dated July 18, 2016. *Id.* Ultimately, the trial court dismissed the petitions in their entirety, finding that they were frivolous and failed to state the gist of a constitutional claim. (Doc. 1, p. 21).

[5] Petitioner states that he has an appeal or petition currently pending. (Doc. 1, p. 16). He indicates that the pending matter relates to mittimus number 02C66187601 and references a filing date of June 23, 2016. *Id.* Although the Court was unable to locate the relevant petition, the referenced mittimus number relates to Petitioner's underlying conviction in 2002 and does not appear to be related to the 2007 conviction at issue here (mittimus number 10cf294). *See* https://www.idoc.state.il.us/subsections/search/inms_print.asp?idoc=N61355.

These filings are irrelevant for tolling purposes because they were filed *after* the one-year statute of limitations for filing his § 2254 petition had already expired. *See Teas v. Endicott*, 494 F.3d 580, 582-83 (7th. Cir. 2007) (where limitations period under § 2244(d)(1)(A) expired before filing of state post-conviction petition, no collateral review was pending in state court for tolling purposes). Because Petitioner had no application for collateral review pending in the state court between June 25, 2013 and June 25, 2014, the one-year statute of limitations period ran unabated and expired well before Petitioner filed his state post-conviction pleadings, making his federal habeas petition untimely.

**Equitable Tolling - Extraordinary Circumstances**

Petitioner also indicates that he has had at least two "major" surgeries during his incarceration. (Doc. 1, p. 7). However, Petitioner does not specify the date of the surgeries or how the surgeries interfered with his ability to file.

Under AEDPA, equitable tolling applies in only extraordinary circumstances beyond the petitioner's control that prevent him from filing his petition on time. *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). The fact that Petitioner underwent two surgeries sometime during his incarceration does not, in and of itself, warrant equitable tolling. Further, the Petition does not present any specific facts that explain how these surgeries prevented Petitioner from filing a timely habeas petition. Accordingly, the Court cannot determine whether equitable tolling is warranted.

**Conclusion**

For the reasons discussed herein, it appears that the Petition is untimely. Nonetheless, as noted above, prior to dismissing the Petition based on the statute of limitations, the Court will provide Petitioner with an opportunity to present his position on this issue. Accordingly, the Court will allow Petitioner to supplement his pleadings and to show cause why his claims are not barred from federal review by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

**IT IS HEREBY ORDERED** that:

(1) Not later than **February 2, 2017**, Petitioner is **DIRECTED** to pay the $5.00 filing fee. Failure to comply shall result in dismissal of this action for failure to prosecute.

(2) Not later than **February 2, 2017**, Petitioner is **DIRECTED** to show cause why his petition should not be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). In particular, Petitioner should specify when he underwent the "major" surgeries referenced in his Petition and how those surgeries prevented him from timely filing the instant Petition.

(3) Petitioner should label this document a "Supplement to Petition for a Writ of Habeas Corpus under § 2254" and he should be sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242.

(4) If Petitioner does not submit a Supplement as directed in this order by **February 2, 2017,** the Court will dismiss his Petition with prejudice as untimely under Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed this 4th day of January, 2017

Judge Herndon
2017.01.04
09:59:24 -06'00'

**United States District Judge**