IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS M. NICHOLS,
No. N-61355,
Petitioner,

v.

No. 16–cv–01101-DRH

IDOC DIRECTOR, and
KIMBERLY BUTLER
Defendants.

### MEMORANDUM AND ORDER

HERNDON, District Judge:

### Introduction

Petitioner Demetirus M. Nichols, an inmate in the custody of the Illinois Department of Corrections and currently housed at Menard Correctional Center, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a March 2011 conviction for aggravated battery on a correctional officer. After conducting a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District courts, the Court concluded that the § 2254 Petition was untimely. (Doc. 5). Nonetheless, the Court allowed Petitioner until February 2, 2017 to present his position on the issue of timeliness and show cause why his Petition should not be dismissed as time-barred. *Id.* The Court also directed Plaintiff to pay his filing fee on or before February 2, 2017. *Id.* The Order included the following specific directives and warnings:

For the reasons discussed herein, it appears that the Petition is untimely. Nonetheless, as noted above, prior to dismissing the Petition based on the statute of limitations, the Court will provide Petitioner with an opportunity to present his position on this issue. Accordingly, the Court will allow Petitioner to supplement his pleadings and to show cause why his claims are not barred from federal review by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

**IT IS HEREBY ORDERED** that:

(1) Not later than **February 2, 2017**, Petitioner is **DIRECTED** to pay the $5.00 filing fee. Failure to comply shall result in dismissal of this action for failure to prosecute.

(2) Not later than **February 2, 2017**, Petitioner is **DIRECTED** to show cause why his petition should not be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). In particular, Petitioner should specify when he underwent the "major" surgeries referenced in his Petition and how those surgeries prevented him from timely filing the instant Petition.

(3) Petitioner should label this document a "Supplement to Petition for a Writ of Habeas Corpus under § 2254" and he should be sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242.

(4) If Petitioner does not submit a Supplement as directed in this order by **February 2, 2017,** the Court will dismiss his Petition with prejudice as untimely under Rule 4 of the Rules Governing Section 2254 Cases.

(Doc. 5, pp. 8-9).

To date, Petitioner has not complied with the Court's directives. Petitioner has not filed a supplemental pleading addressing the timeliness issues. Further, Petitioner has not paid the applicable filing fee.

Accordingly, for the reasons discussed in the Court's January 4, 2017 Order (Doc. 5), the above captioned action is **DISMISSED** with prejudice as untimely. Alternatively, the action is **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with an order of the Court. No certificate of appealability will issue from this decision. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 28th day of February, 2017.

Judge Herndon
2017.02.28
19:09:01 -06'00'

**UNITED STATES DISTRICT JUDGE**